UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 16-2039-SVW-KK | Date | November 16, 2016 |
|---|---|---|---|
| Title | *Kirkland Oard v. Daily Press, LLC* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER DENYING MOTION TO REMAND [11]

Having read and considered the papers presented by the parties, the Court finds this matter suitable for determination without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing scheduled for November 28, 2016 at 1:30 p.m. is VACATED and OFF CALENDAR.

**I.   INTRODUCTION**

The facts of this case are largely undisputed. Plaintiff sued Defendants Daily Press, LLC ("Daily Press") and Local Media Group, Inc. ("Local Media") in San Bernardino County Superior Court on November 3, 2015, alleging wage and hour violations under California law. Dkt. 11 at 2; dkt. 14 at 2. On the face of the complaint, there were no allegations giving rise to federal jurisdiction since there were no federal claims and there was no diversity between Plaintiff and Daily Press. Dkt. 14 at 2.

Daily Press had filed bankruptcy on November 1, 2016, two days before the instant complaint was filed. *Id.*; dkt. 11 at 3. Plaintiff did not know that Daily Press filed for bankruptcy. Dkt. 11 at 3. Presumably, Local Media was aware of the bankruptcy either the date it occurred, or at the very least sometime before it gave notice to the state court of the bankruptcy proceeding on December 1, 2015. *Id.* Local Media does not dispute that it knew of the bankruptcy proceedings, or that Federal Rule of Bankruptcy 9027(a)(3) would have permitted earlier removal of this action. On December 1, 2015, the state court action was stayed due to the bankruptcy proceedings. Dkt. 11 at 3. No action was taken on the case until September 7, 2016, when Plaintiff and Local Media agreed to dismiss Daily Press from the

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 16-2039-SVW-KK | Date | November 16, 2016 |
| Title | *Kirkland Oard v. Daily Press, LLC* | | |

action. *Id.* Only at that point did a basis for removal, diversity jurisdiction, appear within the four corners of the pleadings and accompanying papers. Dkt. 14 at 3. Local Media removed the case on September 26, 2016, within the 30-day limitation period of 28 U.S.C. § 1446(b)(3). *Id.*; dkt. 11 at 3.

Plaintiff does not dispute that Local Media complied with the 30-day requirement of § 1446(b)(3). Rather, Plaintiff argues that since Local Media knew of an independent reason to remove the case at an earlier stage, and failed to do so, Local Media can no longer take advantage of § 1446's removal procedures.

Local Media puts forth three arguments for why its removal is proper: (1) failure to remove an action does not preclude future removal under § 1446 if the initial reason for removal did not appear on the "four corners" of the applicable pleadings, (2) Local Media could not previously remove the case due to a federal abstention doctrine, and (3) the automatic stay in state court precluded Local Media from removing the case. Since this Court decides that removal was proper for the first reason, it does not reach the merits of the other arguments.

## II.    DISCUSSION

Local Media removed this case pursuant to 28 U.S.C. § 1446(b)(3) when Daily Press was dismissed from the case. At no other point in the case did the four corners of the pleadings or other papers trigger the 30-day requirements of § 1446(b)(1) or § 1446(b)(3). Plaintiff asks this Court to adopt a novel rule that if a defendant has subjective knowledge of a reason to remove a case, and refuses to do so, they are precluded from later invoking § 1446. The Court declines to adopt this rule due to *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689 (9th Cir. 2005) and *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121 (9th Cir. 2013).

In *Harris*, the Ninth Circuit held that Defendants have no independent duty to investigate a complaint to determine whether the case can be removed. 425 F.3d at 695. The grounds for removal must be "apparent within the four corners of the initial pleading or subsequent papers." *Id.* (internal quotation and citation omitted). The policy underlying this decision was that "objective analysis bring certainty and predictability to the process and avoids gamesmanship in pleading." *Id.* at 697. Further, the bright-line rule avoids collateral litigation over "whether defendant had subjective knowledge" of a reason to remove the case, independent of the four corners of the pleadings. *Id.* This policy is most prescient for the Court's decision today. Whereas Plaintiff is correct that *Harris* did not consider a case where Defendant's had

| | : | |
|---|---|---|
| | Initials of Preparer | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 16-2039-SVW-KK | Date | November 16, 2016 |
|---|---|---|---|
| Title | *Kirkland Oard v. Daily Press, LLC* | | |

*actual knowledge* of a reason for removal, dkt. 16 at 6, the *Harris* Court did consider that carving out exceptions to its bright line rule would lead to a "cottage industry of removal litigation." *Harris*, 425 F.3d at 698.

If the Court adopts the rule that Plaintiff requests, removal litigation could become an intensive fact-finding exercise into the subjective knowledge of the defendant. Though here it is undisputed that Local Media was aware of the bankruptcy proceedings, and thus could have removed the case earlier, future cases may involve a factual dispute of whether a defendant was aware of a co-defendant's bankruptcy. The Court would necessarily need to weigh evidence and make a factual determination of whether the defendant possessed such knowledge and thus precluded itself from later invoking § 1446. The policy underlying *Harris'* bright line rule is equally applicable here, and so this Court applies the same bright line rule.

This Court does acknowledge that applying the *Harris* rule—that the defendant is only obligated to remove a case when the face of the pleading or subsequent papers triggers § 1446—to this context also leads to policy concerns. Essentially, a defendant could have actual knowledge of a reason to remove a case that does not appear on the four corners of the pleadings, but decides to sit on its rights for strategic gain.[1] However, this issue was expressly considered—and rejected—by the Ninth Circuit in *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121 (9th Cir. 2013). In *Roth*, the Ninth Circuit adopted a rule that a defendant *may* remove a case based on subjective knowledge outside the confines of § 1446. 720 F.3d at 1126. In other words, if a defendant believes the case is removable it can simply remove the case and does not need to wait for plaintiff to provide an "amended pleading, motion, order or other paper" to confirm the removability.

The *Roth* Court recognized that such a decision has "one practical objection":

> It may be that in some diversity cases, defendants will be able to take advantage of the fact that neither the "initial pleading" nor any later document received from plaintiff triggers

---

[1] Arguably, Local Media did just that. Although, arguably, they may have simply inadvertently failed to remove the case earlier or because they had a subjective belief they could not remove the case due another rule of law (the bankruptcy stay or abstention doctrine, for example). If this Court adopts Plaintiff's rule, how would future courts decide such scenarios? Would defendant having actual knowledge of underlying facts that trigger removal, but a subjective belief that there is no basis for removal, still preclude that defendant from later removing under § 1446? Such difficult line-drawing, which leads to extemporaneous litigation and unpredictability, is exactly what the *Harris* Court, and now this Court, seeks to avoid.

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 16-2039-SVW-KK | Date | November 16, 2016 |
| Title | *Kirkland Oard v. Daily Press, LLC* | | |

one of the two thirty-day periods. In such cases, defendants may sometimes be able to delay filing a notice of removal until it is strategically advantageous to do so.

*Id.* at 1126. Thus, the Court explicitly acknowledged a situation where a defendant has subjective and actual knowledge of a reason to remove the case, but chooses not to do so. The Court did not suggest that such gamesmanship would preclude defendant from invoking § 1446 at a later point in the litigation. The Court reasoned that in diversity cases "the advantage gained through such gamesmanship is limited by the fact that a notice of removal must be filed, in any event, within one year of the commencement of the action." *Id.* Thus, the *Roth* Court explicitly recognized—*and accepted*—that a defendant can have actual knowledge of a reason to remove a case, sit on its rights for up to a year, and then remove the case strategically at any time that year. The Court does not provide any legal remedy under § 1446 to combat this gamesmanship, as Plaintiff asks for here. In fact, the *Roth* Court suggests that:

> If plaintiffs think that their action may be removable and think, further, that the defendant might delay filing a notice of removal until a strategically advantageous moment, they need only provide to the defendant a document from which removability may be ascertained. 28 U.S.C. § 1446(b)(3). Such a document will trigger the thirty-day removal period, during which defendant must either file a notice of removal or lose the right to remove.

*Id.* This, eventually, is exactly what occurred in this case. At the moment Daily Press was dismissed, the face of the pleadings triggered § 1446(b)(3) and Local Media had to decide whether to remove the case or not. Whether they could have removed earlier for reasons independent of § 1446 is immaterial. Their removal under § 1446(b)(3) was timely, and thus removal was proper.

### III.    CONCLUSION

For the foregoing reasons, this Court DENIES Plaintiff's motion to remand. The case first became removable within the meaning of § 1446 on September 7, 2016, and Local Media timely removed the case on September 27, 2016.

| | : |
|---|---|
| Initials of Preparer | |
| PMC | |